|  |  |  |
|---|---|---|
| | AUSA:  Andrew J. Lievense | Telephone: (313) 226-9665 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent:  Mark Davis | Telephone: (818) 482-8749 |

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Michigan

United States of America
v.

**D-1 Terrance Glen McLemore**

**D-2 David Antoine Riggins**

Case No.

Case: 2:20−mj−30358
Assigned To : Unassigned
Assign. Date : 9/4/2020
Description: RE: SEALED MATTER (EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __July 24, 2020__ in the county of __WAYNE__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| D1 - Title 18 U.S.C § 922(g) | Felon in Possession of a Firearm |
| D2 - Title 18 U.S.C. § 922(g) | Felon in Possession of Ammunition |

This criminal complaint is based on these facts:

SEE ATTACHED AFFIDAVIT.

☑ Continued on the attached sheet.

*Complainant's signature*

SPECIAL AGENT Mark Davis, ATF
*Printed name and title*

Sworn to before me and signed in my presence.

Date: September 4, 2020

City and state: _DETROIT, MI_

*Judge's signature*

HON. David R. Grand, United States Magistrate Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### I.      INTRODUCTION

I, Mark Davis, being duly sworn, depose and state the following:

1.      I have personal knowledge of the facts set forth in this affidavit with the exception of the matters expressly stated to be based upon information and belief.

2.      I make this affidavit with personal knowledge based on my participation in this investigation, my review of the police reports and evidence items, my conversations with witnesses and and/or other law enforcement officers/agents, my communications with others who have personal knowledge of the events and circumstances described herein, and information gained through my training and experience.  The information outlined below is provided for the limited purpose of establishing probable cause and does not contain all details or all facts of which I am aware relating to this investigation.

3.      I am a Special Agent ("SA") with the United States Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), currently assigned to the Detroit Field Division. Prior to being assigned to the Detroit Field Division, I was assigned to the ATF Los Angeles Field Division from December 2014 to July 2020.  I have completed the following professional training at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia: (1) Criminal Investigator Training Program (twelve weeks); and (2) Special Agent Basic

1

Training at the ATF National Academy, located at FLETC (twelve weeks). I have also received specialized training while attending the academies at FLETC concerning violations of the Gun Control Act within Title 18 of the United States Code and violations of the Controlled Substance Act within Title 21 of the United States Code. That specialized training includes but is not limited to: surveillance, interviewing, warrant writing, evidence handling, arrest procedures, search procedures, and testifying in court. Since beginning my ATF career in December 2014, I have actively participated in a high volume of cases involving prohibited persons possessing firearms, persons trafficking firearms and controlled substances, persons possessing illegal firearms, persons affiliated with gang activity, and persons who have committed arson. I have also interviewed confidential informants, witnesses, cooperating defendants, criminal defendants, and other persons engaged in violations of federal law. During my time as a SA in the ATF Los Angeles Field Division, I have participated in over 200 law enforcement operations with federal joint task forces and state and local police involving the investigation of violations of firearms, arson, and narcotics laws.

4.  I am currently conducting a federal investigation into the alleged violations of federal firearms law by Terrance Glen McLemore, B/M, DOB \*\*/\*\*/1994. McLemore, a prior convicted felon, is alleged to have knowingly and intentionally possessed a firearm, to wit; one (1) loaded, Taurus, Model PT111 G2C,

9mm caliber, semi-automatic pistol, bearing serial #ABE591717, with said firearm having previously travelled in interstate commerce. I am also currently conducting a federal investigation into the alleged violations of federal firearms law by David Antoine Riggins, B/M, DOB \*\*/\*\*/1986. Riggins, a prior convicted felon, is alleged to have knowingly and intentionally possessed firearm and ammunition, to wit; one (1) loaded, unmarked/unserialized AR-type style pistol, approximately 25 inches in total length, with said firearm's ammunition, having previously travelled in interstate commerce.

5.  I have conducted a criminal history check (CCH) relating to McLemore, which indicated McLemore has been convicted of prior felonies. On 5/11/2011, McLemore was convicted of attempt-felony controlled substances delivery-manufacture and was sentenced to two years' probation. On 12/17/2012. McLemore was convicted of Felony Assault with Intent to do Great Bodily Harm, and was sentenced to 2 years prison by Wayne County 3rd Circuit Court. On 6/4/2019, McLemore was convicted of felony police officer-assault/resist/obstruct, was sentenced to six months in jail and two years' probation, and is currently on active probation with special conditions until 08/13/2021.

6.  I also conducted a criminal history check (CCH) relating to Riggins, which indicated Riggins had been convicted of prior felonies. On 07/18/2005, Riggins was convicted of Felony Armed Robbery and sentenced to 7 to 15 years in

3

prison. As part of the same court case, Riggins was convicted of a Felony Weapons charge (sentenced to two years in prison) and two counts of Felony Assault with Dangerous Weapon (sentenced to one to four years in prison).

## II. SUMMARY OF THE INVESTIGATION/JULY 24, 2020 D.P.D. ARREST INCIDENT

7. On July 24, 2020, at approximately 2:14 AM, Detroit Police Officers A. Dustin and K. Hampton responded to the location of Views Bar & Grill, 24200 Grand River Avenue, Detroit Michigan 48219, for an emergency radio call of a person with a weapon. Upon the arrival to the location, both officers made contact with the Views Bar Manager, who stated that the Views Bar Security Team detained two black males for fighting and brandishing weapons on the property. The Views Bar Manager provided Officers Dustin and Hampton with recorded video surveillance footage.

8. The video surveillance showed an altercation involving McLemore and other people occurring inside the bar. The footage then showed Terrance McLemore leave the bar and retrieve a black pistol (which turned out to have an extended magazine) from a black vehicle in the bar parking lot area, and brandish the firearm on the bar property while walking around. Subsequently, the Views Bar Security Team made contact with McLemore and detained him by placing him in handcuffs. The Security Team recovered a 9mm, semi-automatic, Taurus handgun, from McLemore and gave it to Views Bar Management.

4

9.      The Views Bar Manager also provided the officers with additional video surveillance footage. It showed David Riggins standing outside the bar in the parking lot, arguing possibly with the same people McLemore had been interacting with. During the investigation an officer learned that Riggins and McLemore are related to each other.

10.     The footage then showed Riggins retrieve an AR-type style pistol from a white Jeep Wrangler Gladiator in the bar parking lot, either directly from the vehicle or a person inside the vehicle. It showed Riggins walking outside the Views Bar while openly carrying the firearm. The Views Bar Security Team made contact with Riggins and detained him by placing him into handcuffs. The Security Team recovered the AR-type pistol from Riggins and then gave it to the Views Bar Management.

11.     Based on the information provided to me and as an ATF Interstate Nexus Agent, I know that Taurus firearms are not manufactured in the United States, so the Taurus Model PT 111 G2C pistol possessed by McLemore had to have travelled in interstate and/or foreign commerce in order to have been recovered in the State of Michigan.

12.     Based on my examination of the AR-type pistol, it does not have a manufacturer listed or serial number, therefore I do not know where it was manufactured, though it appears to be a privately made firearm. Furthermore, I

5

physically examined the .223 Remington rifle ammunition loaded in Riggin's AR-type firearm. Based on my prior knowledge, I know that the assorted ammunition loaded in the magazine was not manufactured in the State of Michigan. Therefore, in order for that ammunition to have been recovered in Michigan, it had to have travelled in interstate commerce.

13. Based on the above information, I have probable cause to believe that Terrance McLemore and David Riggins, both knowing that they had been previously convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly and intentionally possess the above-described firearms and ammunition, respectively, with said firearms and ammunition having previously travelled in interstate commerce, in violation of 18 U.S.C. § 922(g)(1). These violations occurred within the Eastern District of Michigan.

Special Agent Mark E. Davis, ATF

Sworn to before me and signed in my
presence and/or reliable electronic means

David R. Grand, U.S. Magistrate Judge

September 4, 2020

6